**In the Matter of SUBURBIA SYSTEMS, INC., Debtor.**

**SUBURBIA SYSTEMS, INC., Plaintiff**

v.

**NOB HILL UTILITIES CO., Defendant.**

**Bankruptcy No. 81–00869–3–11.**
**Adv. No. 81–1383–3–11.**

United States Bankruptcy Court,
W. D. Missouri, W. D.

Dec. 30, 1981.

Jack N. Bohm, Kansas City, Mo., for plaintiff.

Steven J. Moore, Kansas City, Mo., for defendant.

ORDER DENYING THE DEFENDANT'S MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF INDIANA

DENNIS J. STEWART, Bankruptcy Judge.

After expiration of the time which has originally been fixed for the completion of

discovery and after the court, in seeming agreement with the parties in the course of a recent pretrial conference, set the date for trial of the merits for January 25, 1982, the defendant has now filed a written motion to transfer this action to the United States Bankruptcy Court for the Northern District of Indiana pursuant to Rule 782 of the Rules of Bankruptcy Procedure.

It is stated in support of the motion that the defendant "is an Indiana corporation with its principal place of business in Hobart, Indiana"; that it "does not conduct any business in Missouri; owns no real estate in Missouri; has no officers, directors, agents, servants, employees or representatives who reside or conduct business in Missouri; has never entered into any contract or obligation in Missouri; and has no assets of any kind in Missouri"; that it "has had absolutely no contact with Missouri except for the present adversary action"; that it "was served with a copy of the Summons and Complaint pursuant to Bankruptcy Rule 704(b) in August of this year and since that time has been compelled to retain counsel in Kansas City resulting in substantial attorney's fees and long distance telephone expense, both of which represent a substantial hardship to defendant"; that two of its witnesses are residents of Indiana whose attendance at trial in Kansas City "will result in a significant financial hardship"; that "travel and lodging costs for defendant's Indiana attorney, Stephen R. Place, will cause further fiscal hardship to Nob Hill and will unnecessarily burden defendant's financial resources"; and that:

> "(t)he requirement that defendant appear and defend the present Adversary Action in Kansas City, Missouri, unconstitutionally denies defendant due process of law and deprives it of equal protection; and, furthermore, such is contrary to the best interest of the proper administration of justice."

■ The motion which has thus been filed by the defendant is untimely, having been asserted not only after the time when discovery was initially directed to close, but also after the time when the court has set the trial on the merits in apparent accord with the desires of the parties.

■ Even if the conducting of trial in Kansas City would impose a hardship upon the defendant, as is contended in the motion which has been filed by it, that would not compel the transfer of this action to the Northern District of Indiana. The test, under section 1477, Title 28, United States Code, is whether transfer is "in the interest of justice and for the convenience of the parties." Thus, it is not only the movant's claims of hardship which must be considered, but also those of the plaintiff. And, without undue delay, because of the belated filing of the motion to transfer, it is not possible at this point to make the factual findings which should be made only after a hearing to determine this issue. And therefore transfer should be denied, especially when the granting of the transfer would only result in the further delay of the trial of the merits of this matter which has now been delayed to an extent which the court has not found altogether necessary. According to the former orders of the court, this action was to be tried on its merits on December 30, 1981. An order to that effect had been in existence since December 1, 1981. But, only as late as December 24, 1981, did the defendant's counsel notify the court that he had contrary plans, as did two of the witnesses who were to testify for the defendant. With this untimely request for continuance having once delayed the trial, further delay by means of an untimely motion to transfer would be inexcusable. The motion must accordingly be denied.

■ In general terms, and likewise belatedly, the defendant raises the issue of the constitutionality of the provisions of the Bankruptcy Code which grant nationwide service of process in bankruptcy cases. The decisions to date have upheld the constitutionality of such a provision. See, e.g., *Matter of Trim-Lean Meat Products, Inc.*, 11 B.R. 1010 (D.Del.1981). And, again, the raising of this issue has been accomplished only in an untimely manner which, without more, warrants denial. It is therefore

ORDERED that the defendant's "motion to transfer" to the Northern District of Indiana be, and it is hereby, denied.